UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

In re:

GARY S. HANN,

      Debtor,

_____/

GARY S. HANN,

      Plaintiff,

v

BARR ANHUT & ASSOCIATES, P.C.,
JOHN M. BARR, JESSE O'JACK, KARL
T. BARR, DANIEL J. CUHENE, CITY OF
YPSILANTI, RALPH LANGE, JOYCE
DRAGANCHUK, AMY RONAYNE
KRAUSE, MARK BRAYTON, CARMEL
COWARD,

      Defendants.

No. 6:14-bk-22067-MW
6:15-ap-01006-MW


Adversary Proceeding
No. 6:15-cv-01167

HON. MARK S. WALLACE


**BRIEF IN SUPPORT OF DEFENDANTS
AMY RONAYNE KRAUSE AND JOYCE DRAGANCHUK'S
MOTION TO DISMISS
AND MOTION FOR SANCTIONS**

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     This Court lacks personal jurisdiction and subject matter jurisdiction over this adversary proceeding.  All of the actions Hann complains of occurred in Michigan and the Defendant Judges have no connection whatsoever to California as it pertains to the Complaint.  Further, the claims asserted have no conceivable effect on the administration of the underlying bankruptcy estate.

2.     Judge Krause and Judge Draganchuk are entitled to absolute judicial immunity.  All of the actions Hann complains of were taken in a judicial capacity and in matters where there was not an absence of jurisdiction.

3.     Hann's Complaint is barred by the *Rooker-Feldman* Doctrine.  Hann complains of injuries caused by a state court judgment that was entered before these proceedings, and Hann inappropriately seeks federal review of the state court judgment.

4.     Hann should be sanctioned for his vexatious conduct.

## STATEMENT OF FACTS

Plaintiff Gary Hann repeatedly files frivolous lawsuits against governmental

entities and government officials.  Hann's *modus operandi* is to make wild

allegations that wrongs have been committed against him, and to claim that he is

being treated unfairly when his irresponsible assertions are rejected.  This case

represents the latest of his many meritless conquests.[1]

Mr. Hann's approach to litigation was recently summarized in the following

way by the United States District Court for the Eastern District of Michigan:

> Enough is enough.  Mr. Hann seems to believe that all his many
> grievances, and all the slings and arrows of outrageous fortune, real or
> perceived, that befall him have some remedy in this Court.  They do
> not.  His persistent frivolous filings result in unnecessary legal
> expense to the opposing parties, and soak up scarce judicial resources
> like a giant sponge.
>
> In the words of boxer Roberto Duran, *"No Más."*
>
> *Hann v. City of Ypsilanti*, Case No. 11-1224 (E.D. Mich. 2012)(Exhibit A,
> pp.14-15).

Indeed, Hann has filed so many vexatious claims that he has been enjoined from

filing lawsuits without leave of court by the United States District Court for the

Eastern District of Michigan.  [Exhibit B].

As stated by the Ninth Circuit, "some people believe with great fervor

preposterous things that just happen to coincide with their self-interest." *Coleman*

*v CIR*, 791 F.2d 68, 69 (9th Cir. 1986).  Apparently, Hann is one of these people.

Being no longer able to cavalierly waste the time of the federal courts in Michigan,

---

[1] See Exhibit A, pp.13-14, where Mr. Hann's extensive history of frivolous litigation
is detailed.

Hann wishes to continue his spree of tormentous filings in this Court. He should

not be permitted to do so.

    This adversary proceeding arises out of a 2011 Michigan Court of Claims

action where Mr. Hann was sanctioned in excess of $10,000. Not surprisingly, the

sanctions were levied against Hann due to the filing of a vexatious proceeding

against innocent defendants. Now, Hann seeks retribution against the Judges who

had the good sense and determination to attempt to curtail his wasteful flurry of

litigation.

    The Defendants represented in the present motion are Judge Amy Ronayne

Krause, formerly of the Michigan Court of Claims, and Judge Joyce Draganchuk,

also formerly of the Michigan Court of Claims. As conceded by Hann's Complaint,

Judge Krause and Judge Draganchuk's only actions were the holding of various

hearings in open court, and the entry of various orders. Hann appears to allege a

variety of Michigan state law torts, as well as federal civil rights and RICO

claims. In reality, however, this case is Hann's futile attempt to get out from under

the completely appropriate monetary sanctions that were entered against him.

    Mr. Hann's claims are frivolous and fail as a matter of law. First, this Court

lacks both personal jurisdiction and subject matter jurisdiction over this adversary

proceeding. All of the actions complained of occurred in Michigan, and the claims in

this action have no conceivable effect on the administration of the underlying

bankruptcy estate. Moreover, even if jurisdiction were proper in this court, and

even accepting the allegations in the Complaint as true, the claims against Judge

Krause and Judge Draganchuk are barred by the *Rooker-Feldman* Doctrine and absolute judicial immunity.  Finally, Hann should be sanctioned for filing this frivolous case.  This adversary proceeding should be dismissed.

## STANDARD OF REVIEW

Paragraphs (b) though (h) of Rule 12 of the Federal Rules of Civil Procedure apply in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012.  Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to seek dismissal of a claim if the claimant failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), "dismissal for failure to state a claim is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Schowengerdt v. Gen. Dynamics Corp.,* 823 F.2d 1328, 1332 (9th Cir. 1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)). Factual argument is inappropriate in a Rule 12(b)(6) motion, which tests only the legal sufficiency of the complaint. Thus, in undertaking its analysis, a court must limit its "review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the [non-movant]." *Id.*

## ARGUMENT

**I.**   **This Court lacks personal jurisdiction and subject matter jurisdiction over this adversary proceeding.  All of the complained of actions occurred in Michigan, and the Defendants have no connection whatsoever to California.  Further, the claims asserted have no conceivable effect on the administration of the underlying bankruptcy estate.**

### A.    Lack of Personal Jurisdiction

Due process requires the court to find "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1941). A finding of minimum contacts means there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla,* 357 US. 235, 253 (1958).  For the purposes of due process, there are two types of personal jurisdiction, general and specific.  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir. 1986).  As it relates to this adversary proceeding, Hann can establish neither with respect to Judge Krause and Judge Draganchuk.

General personal jurisdiction enables a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state.  *Id.*  Hann cannot establish general personal jurisdiction in this case because the Complaint does not allege "substantial" or "continuous and systematic" contacts with California by

Judge Krause nor Judge Draganchuk.  These Defendants are Michigan State Court Judges and all of the alleged "wrongs" they engaged in were appropriate judicial acts taken in Michigan.

As to whether specific jurisdiction exists, courts should consider three things. The defendant must have purposefully availed herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws. *Haisten v. Grass Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1396 (9th Cir. 1986) (citations omitted). The claim must also arise out of the defendant's forum-related activities, and the exercise of jurisdiction must be reasonable.  *Id.*  A defendant has purposefully availed herself of the benefits of a forum if she "'deliberately' has engaged in significant activities within a State or has created 'continuing obligations' between herself and the residents of the forum." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–476 (1985)(internal citations omitted).

Here, Hann cannot establish any of these elements.  Again, none of the activities he complains of occurred in California, or bear any nexus to California.  As it relates to this case, there is no allegation that the Defendants have availed themselves of the benefits of California.  To be sure, the Complaint makes no allegation that the Defendants have conducted any activities in California whatsoever.  As such, this Court lacks personal jurisdiction over Judge Krause and Judge Draganchuk, and Hann's Complaint should be dismissed as against them.

## B.    Lack of Subject Matter Jurisdiction

Bankruptcy jurisdiction is governed principally by statute. The general grant of bankruptcy jurisdiction is contained in 28 U.S.C. § 1334. That provision vests original jurisdiction in the district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).

With respect to 28 U.S.C. § 1334(b), the statutory grant of "related to" jurisdiction is broad.  In the Ninth Circuit, courts apply the "conceivable effect" test to determine whether an action is related to bankruptcy. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the Third Circuit's articulation of the test in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984)).

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz,* 852 F.2d at 457 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d at 994 (emphasis in *Pacor* )). In *In re Fietz,* the Ninth Circuit adopted an expansive view of relatedness; even a remote relationship confers "related to" jurisdiction.

Here, however, there is not even a remote relationship between Hann's adversary proceeding and the underlying bankruptcy proceeding.  Stated another way, this proceeding cannot conceivably have any effect on the administration of Hann's bankruptcy estate.  The defendants here are not debtors or bankruptcy

creditors, and Hann is not seeking to have this Court enforce or implement any

order touching upon the bankruptcy estate.  Hann is only seeking money damages

against the Defendants for alleged wrongs having nothing to do with his

bankruptcy.  Moreover, even if the claims asserted were somehow tangentially

related to the bankruptcy proceeding, Hann lacks standing to bring his claims.  Any

non-frivolous action to recover damages available to the estate would have to be

brought by the bankruptcy trustee.  *See Hann v. Michigan Dep't of Treasury*, Adv.

No. 6:15-ap-01006-MW, Docket Entry No. 11, p. 2 (C.D. Cal. 2015)(Exhibit C).  This

Court lacks subject matter jurisdiction over this action, and the Complaint should

be dismissed.

**II.  Judge Krause and Judge Draganchuk are entitled to absolute judicial immunity.  All of the actions Hann complains of were taken in a judicial capacity and in matters where there was not an absence of jurisdiction.**

Judges are entitled to immunity from actions taken in their judicial capacity.

*Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). Like other forms of official immunity,

judicial immunity is immunity from suit, not just from ultimate assessment of

damages.  *Id.*  A judge is not deprived of immunity because she takes actions which

are erroneous, malicious, or in excess of her authority.  *Meek v. County of Riverside,*

183 F.3d 962, 965 (9th Cir. 1999).  Judicial immunity applies no matter how

erroneous the judicial act may have been, or how injurious the consequences are to

the plaintiff.  *Cleavinger v. Saxner,* 474 U.S. 193, 199–200 (1985) (internal citations

and quotations omitted). The rationale for the broad scope of judicial immunity is

7

that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability. *Meek,* 183 F.3d at 965.

Indeed, it is well settled that judges are "generally immune from civil liability." *Meek,* 183 F.3d at 965. There are only two sets of circumstances where judicial immunity is overcome: (1) a judge is not immune from liability for non-judicial action; and (2) a judge is not immune for actions, though judicial in nature, taken in the "clear absence" of all jurisdiction. *Mireles,* 502 U.S. at 10. When determining whether the second exception to judicial immunity applies, the term "jurisdiction" should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction. *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986).

Here, the actions alleged in the Complaint on the part of Judge Krause and Judge Draganchuk are clear judicial acts. The only allegations in the Complaint regarding Judge Krause and Judge Draganchuk's regard the holding of various hearings in open court, and the entry of various orders and a bench warrant for Mr. Hann's arrest after his failure to appear. Even accepting the allegations as true, the first exception to judicial immunity (liability for non-judicial acts) is clearly inapplicable to this case.

Furthermore, there is no basis to assert that these Judges acted in the complete absence of jurisdiction. Here, Hann filed a frivolous lawsuit in the Michigan Court of Claims. The Court of Claims dismissed the action based on lack

8

of subject matter jurisdiction, and then sanctioned Hann for his vexatious conduct.
This was a completely appropriate course of action, and well within the jurisdiction
of the Court under Michigan law.

Under Michigan law, once a court concludes that it lacks subject matter
jurisdiction, it is powerless to do more than dismiss the action. *Bd. Of Co Rd
Comm'rs for the Co of Eaton v. Schultz,* 205 Mich. App. 371, 375, n. 2; 521 N.W.2d
847 (1994). Any action regarding the **cause of action**, other than a dismissal, is
void. *Fox v. Bd. of Regents of the Univ. of Michigan,* 375 Mich. 238, 242; 134
N.W.2d 146 (1965)(Emphasis added).  But a court is not precluded from exercising
control over conduct that is occurring in its court, i.e., sanctioning frivolous conduct.
A trial court has inherent authority to impose sanctions on the basis of the
misconduct of a party or an attorney. *Persichini v. William Beaumont Hosp.,* 238
Mich. App. 626, 642; 607 N.W.2d 100 (1999).

In other words, even if the Court of Claims was without jurisdiction to
adjudicate Hann's frivolous lawsuit, the Court was not without jurisdiction to
sanction Hann's reprehensible conduct.  Based on his extensive history of meritless
litigation, Hann should have been aware that he was filing a frivolous complaint –
but he did so anyway.  The Court of Claims properly exercised its inherent
authority when it sanctioned Hann, and did not act in the absence of jurisdiction.

Judges are absolutely immune from suit for damages. See *Mireles*, 502 U.S.
at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate
assessment of damages.")  State court judges are even immune from injunctive

relief, except in circumstances not relevant here.  Even accepting the allegations in

the complaint as true, Judge Krause and Judge Draganchuk acted within the

bounds of their authority and jurisdiction at all times relevant to Hann's complaint,

and are therefore entitled to absolute immunity.  Hann's Complaint should be

dismissed as against them.

**III.    Hann's Complaint is barred by the *Rooker-Feldman* Doctrine.  Hann
complains of injuries caused by a state court judgment that was
entered before these proceedings, and Hann inappropriately seeks
federal review of a state court judgment.**

As articulated by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 284 (2005), under the *Rooker-Feldman* doctrine, federal

district courts do not have jurisdiction to hear "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of

those judgments."  The reason for this rule is that appellate review of state-court

judgments is vested in the United States Supreme Court, and it follows by negative

inference that such review may not be had in the lower federal courts. 28 U.S.C. §

1257; *See also Exxon*, 544 U.S. at 283 ("[A]ppellate jurisdiction to reverse or modify

a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1

Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the Supreme] Court. Federal

district courts…are empowered to exercise original, not appellate, jurisdiction.")

In short, the *Rooker-Feldman* doctrine is implicated when a plaintiff

complains of being injured by the challenged state court decision itself.   Even

where a plaintiff asserts that a state court judgment was unconstitutional or in

violation of federal law, the *Rooker-Feldman* doctrine applies and the federal court lacks jurisdiction to hear the claim.  In such cases, the proper course to be followed is to appeal through the state court system and ultimately seek review by the United States Supreme Court.  18 James Wm. Moore et al., Moore's Federal Practice § 133.30 (Matthew Bender 3d ed. 1997).

The present case is exactly the type of case the *Rooker-Feldman* doctrine prohibits.  The real source of Hann's aggrievement is the Michigan Court of Claims sanction order that was levied against him after he filed a patently frivolous lawsuit.  What Hann seeks is for this Court to review the appropriateness of the state court order, which is an action the *Rooker-Feldman* doctrine prohibits.  To allow this case to go forward would require this Court to act as an appellate tribunal, and conclude that the Michigan Court of Claims came to the wrong conclusion.  Hann is a classic "state court loser" who seeks to have this Court review a state court judgment he simply doesn't like.  As such, the *Rooker-Feldman* doctrine applies here, and Hann's claims are barred.

## IV.     Hann should be sanctioned for his vexatious conduct.

Pursuant to Bankruptcy Rule 9011(b), an attorney or unrepresented party presenting to the court a petition, pleading, written motion or other paper is certifying that to the best of the person's belief, formed after an inquiry reasonable under the circumstances, that

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b)(1)–(4).

In *In re Aston–Nevada Ltd. Partnership,* 409 Fed. Appx. 107 (9th Cir. 2010),

the Ninth Circuit described the standards governing a motion for imposition of

sanctions where a violation of Bankruptcy Rule 9011(b)(1) or (b)(2) is found:

Rule 9011 gives bankruptcy courts the authority to sanction parties, attorneys, and law firms who present (sign, file, submit, or later advocate) a paper to a bankruptcy court that is either frivolous or presented for an improper purpose. See Fed. R. Bankr. P. 9011(b), (c); *Dressler v. Seeley Co. (In re Silberkraus),* 336 F.3d 864, 870 (9th Cir. 2003). "In determining whether sanctions are warranted under Rule 9011(b), [this court] ... must consider both frivolousness and improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *Dressler,* 336 F.3d at 870 (internal quotation marks and citations omitted) (emphasis in original). For sanctions purposes under Rule 9011, "attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." *Valley Nat'l Bank of Ariz. v. Needier (In re Grantham Bros.),* 922 F.2d 1438, 1441 (9th Cir.1991) (citation omitted). "A claim is frivolous if it is both baseless and made without a reasonable and competent inquiry." *Id.* at 1442 (internal quotation marks and citation omitted). And, "[a]lthough the term 'improper purpose' can be construed to require an improper subjective intent, this court analyzes an allegedly improper purpose under an objective standard." *Id.* at 1443.

12

*In re Aston–Nevada Ltd. Partnership,* 409 Fed.Appx. 107, 114 (9th Cir. 2010).

A sanction imposed for violation of Bankruptcy Rule 9011(b) shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. To that end, the court may order that the sanctioned party pay a penalty into the court, and/or that the sanctioned party pay the movant's reasonable attorney's fees and other expenses incurred as a direct result of the violation. Fed. R. Bank. P. 9011(c)(2); *see also In re Blue Pine Group, Inc.,* 457 B.R. 64, 78 (9th Cir. BAP 2011) ("sanctions may include 'some or all of the reasonable attorneys' fees and expenses incurred as a direct result of the violation' "); *and Truesdell v. Southern California Permanente Medical Group,* 209 F.R.D. 169, 175 (C.D. Cal. 2002) (monetary sanctions may include "either or both" of a penalty paid to the court "and/or" an award of reasonable attorney's fees to the opposing party).

Here, Hann's Complaint is frivolous under any standard.  Review of the Complaint reveals inflammatory and false statements about several individuals that rise to the level of being libelous.  There is no doubt that the sole purpose of the Complaint is to harass and embarrass the individuals named as Defendants, and to unnecessarily cause the individuals to incur legal costs in defending against the Complaint.  The contents of the Document are so outrageous that Hann had to have known that his position was devoid of any legal merit when he signed and filed the document, and that the facts underlying the Complaint were simply not true.  As

13

such, Hann is subject to sanctions for his vexatious and frivolous conduct in the

form of costs and fees associated with the defense provided by the undersigned.

## CONCLUSION AND RELIEF REQUESTED

Mr. Hann's claims are frivolous and fail as a matter of law.  First, this Court

lacks both personal jurisdiction and subject matter jurisdiction over this adversary

proceeding.  All of the actions complained of occurred in Michigan, and the claims in

this action have no conceivable effect on the administration of the underlying

bankruptcy estate.  Moreover, even if jurisdiction were proper in this court, the

claims against Judges Krause and Draganchuk are barred by the *Rooker-Feldman*

Doctrine and absolute judicial immunity.

Defendants Amy Ronayne Krause and Joyce Draganchuk respectfully request

that this adversary proceeding be dismissed as against them, along with an award

of costs and attorney fees associated with defending this patently frivolous action,

and any other relief this court deems appropriate.

<div style="margin-left:40%">

Respectfully submitted,

Bill Schuette
Attorney General

*s/ Adam P. Sadowski*
Adam P. Sadowski (P73864)
Joseph T. Froehlich (P71887) (Application for
Admission Pro Hac Vice Pending)
Civil Litigation, Employment & Elections
Division
Attorneys for Defs Krause and Draganchuk
(517) 373-6434
froehlichj@michigan.gov

</div>

Dated: July 9, 2015

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/ Adam P. Sadowski*
Adam P. Sadowski (P73864)
Joseph T. Froehlich (P71887)
Assistant Attorney General
Attorney for Defs Krause and Draganchuk
froehlichj@michigan.gov

15

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,                                        Case No. 11-12244

       Plaintiff,                              District Judge Sean F. Cox

v.                                                   Magistrate Judge R. Steven Whalen

CITY OF YPSILANTI, ET AL.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

On May 23, 2011, Plaintiff Gary S. Hann filed a *pro se* civil complaint in this

Court, bringing claims of various constitutional violations under 42 U.S.C. § 1983, and a

number of state law claims. He names 16 Defendants. Before the Court are three

dispositive motions, all referred for a Report and Recommendation pursuant to 28 U.S.C.

§ 636(b)(1)(B):

    (1) Motion to Dismiss by Defendants City of Ypsilanti, Koryzno, Monroe,

Hamilton, Lawther, Doom, Barr, O'Jack, Martinez, Daniels, Neville and McMullan [Doc.

#8].

    (2) Amended Motion to Dismiss or Alternatively Motion for Summary Judgment

by Defendants Michigan Tax Tribunal and Kimbal R. Smith III [Doc. #12].[1]

    (3) Motion to Dismiss by Defendants Washtenaw County and Court Administrator

DeRossett [Doc. #14].

    For the reasons discussed below, I recommend that all three motions be

---

[1] The Michigan Tax Tribunal's amended motion [Doc. #12] supersedes its original
motion [Doc. #10].

GRANTED, and that the complaint be DISMISSED WITH PREJUDICE. I further recommend that Plaintiff Gary S. Hann be enjoined from filing any further actions in this Court without first obtaining leave of the Court.

## I.   FACTS

The Plaintiff's complaint is somewhat rambling and difficult to follow. He sets forth his claims in five separate Counts.

**Count I** alleges a Michigan law claim of intentional infliction of emotional distress ("IIED"), and possibly due process and equal protection claims against the Michigan Tax Tribunal, Kimbal R. Smith, III, one of its members, and Sharon Doom, an assessor for the City of Ypsilanti. It is unclear whether Defendant Jesse O'Jack is named in this Count, but giving a liberal instruction to this *pro se* Plaintiff, I will assume that he is. Mr. O'Jack is an attorney who represents the City of Ypsilanti before the Michigan Tax Tribunal.

The Plaintiff alleges that the City of Ypsilanti and its assessor "repeatedly and maliciously increased [his] property taxes" between 2002 and 2011. *Complaint*, ¶ 34. He alleges that he appeared before the Tax Tribunal for trial, "but was denied any adjudication whatever when he couldn't pay an outrageous amount of monies...." *Id* ¶ 37. He states that he "was thus absolutely and fully denied his proper day in court to prosecute his lawsuit due to indigence." *Id.* ¶ 38.

In response, the Michigan Tax Tribunal has submitted as Exhibit 1 to its motion [Doc. #12], a Tribunal order dated January 12, 2010. This order states, at ¶ 6, that Plaintiff failed to pay the filing fees for multiple motions. Nevertheless, the Tribunal waived all previous outstanding and required filing fees, "for the sole purpose of expediting the resolution of this case." *Id.* ¶ 7. In the same order, the Tribunal set aside a

-2-

previously ordered default judgment against the Plaintiff, and denied the Plaintiff's motion for summary disposition. The Plaintiff then filed two more motions without paying the required filing fees, and the Tribunal once again waived payment in order to expedite resolution of the case. *Response* [Doc. 12], Exhibit 2.

On March 5, 2010, the Tax Tribunal entered an order of default against Plaintiff, based on his failure to comply with previous orders, but gave Plaintiff 14 days to cure the default. *Id.*, Exhibit 3. On April 1, 2010, the Tribunal gave Plaintiff additional time to cure the default. *Id.*, Exhibit 4. On May 26, 2010, the Tribunal dismissed Plaintiff's appeal based on his failure to cure the default. *Id.*, Exhibit 5. Plaintiff did not appeal this dismissal to the Michigan Court of Appeals.

**Count II** centers on what Plaintiff terms an "outrageous charge for trash removal without notice" and an "unconstitutional Ypsilanti ordinance." *Complaint*, p.11. He claims that on August 13, 2008, the City of Ypsilanti removed "a bit of trash" from his front yard, without notice, and sent him a bill for $333.00. *Id.* ¶¶ 42, 44. He sought administrative relief, which was ultimately denied by Defendant Koryzno, the City Manager. *Id.* ¶ 46.

Although Plaintiff claims he was given no notice, Exhibit L of Defendants' motion [Doc. #8] is a Notice, dated August 5, 2005, indicating Plaintiff's address and that (1) trash items were placed outside at a non-designated time, and (2) non-collectible items were required to be removed. The Notice also states that failure to correct the violations will result in a civil infraction and/or removal of the items at the Plaintiff's expense. The Notice was signed by Defendant Monroe. Exhibit J is a photograph of the trash. It looks pretty bad.

This Count appears to be applicable to Defendants City of Ypsilanti, Koryzno,

Monroe, and O'Jack.

**Count III** involves a May 24, 2008 monetary dispute between Plaintiff and a contractor or workman in which Ypsilanti Police Officers Hamilton and Lawther intervened in an attempt to settle the dispute. The Plaintiff ended up writing the workman a check for $160.00. *Complaint,* ¶¶ 55-61. The Plaintiff claims "forceful taking of personal monies," false imprisonment, extortion, "tortuous" (sic tortious) interference with contract, and IIED, apparently naming the two Police Officers and the City of Ypsilanti.

**Count IV** alleges various claims arising out of Plaintiff's appearance for a hearing before the Ypsilanti Administrative Hearings Bureau on April 21, 2011. Plaintiff claims that he was forced to wait for his case to be heard "in almost suffocating" 76-degree heat, and that "[t]he 'Tribunal' acted as a Kangaroo Court, convicting everyone and requiring enormous fees and costs for apparently the most minor of code violations." *Complaint,* ¶ 74. In this Count, Plaintiff sues Defendants City of Ypsilanti, McMullan, Martinez, Daniels and Barr.

**Count V** alleges "denial and delay of Ypsilanti 14-A2 District Court. *Id.* p. 18. Plaintiff alleges that in three of his cases that were dismissed, "the actions or non actions [dismissing the cases] were primarily ministerial or administrative and non-judicial," and that the court's actions violated the Michigan Code of Judicial Conduct. *Id.* ¶ 90. With regard to these claims, Plaintiff has sued Washtenaw County and 14-A District Court Administrator Gene DeRossett.

Attached to Defendants' motion as Exhibit D is Plaintiff's Washtenaw County Circuit Court complaint, filed on August 26, 2009, that raised the same claims against the same Defendants in this case. Specifically, that complaint alleged claims arising out of (a)

-4-

the May 24 dispute involving Officers Hamilton and Lawther, Count III of the present

complaint; (b) the trash removal issue of August, 2008, Count II of the present complaint;

and (3) the tax assessment issue, Count I of the present complaint. Also part of Exhibit D

is the court's order granting summary disposition to Defendants City of Ypsilanti and

O'Jack.

Submitted as Defendants' Exhibit E is an order from the 14A District Court for

Washtenaw County, granting summary disposition to Defendants Koryzno, Monroe,

Hamilton, and Lawther, regarding the trash removal claims (Count II of the present

complaint) and the "extortion"/monetary dispute of May, 2008 (Count III of the present

complaint). Exhibit F is an order denying reconsideration.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)." In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v.*

*Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for

determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that

although a complaint need not contain detailed factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level...on the

assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65

(internal citations and quotation marks omitted). Further, "a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal

citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v.*

*City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint

must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the

Court explained and expanded on what it termed the "two-pronged approach" of

*Twombley*.[3] First, it must be determined whether a complaint contains factual allegations,

as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing

*Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim

for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense. But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged–but it has not
> 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950
> (Internal citations omitted).

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of
the claim showing that the pleader is entitled to relief."

[3] *Twombley* was an antitrust case.  *Iqbal* was a prisoner civil rights case.  In any
event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

-6-

## III.    DISCUSSION

This case is so patently frivolous that one hardly knows where to begin. Nevertheless, I will discuss, in turn, the most obvious grounds for granting each of the three motions to dismiss.

### A.    The Ypsilanti Defendants [Doc. #8]

Counts II, III and IV of the complaint are directed at Defendants City of Ypsilanti, Koryzno, Monroe, Hamilton, Lawther, Barr, O'Jack, Martinez, Daniels, Neville and McMullan. Count I is apparently directed at Defendant Doom, who was the City Assessor, and Defendant O'Jack, who represented the City before the Tax Tribunal.

Counts I, II and III must be dismissed under both the *Rooker-Feldman* doctrine and the doctrine preclusion, both res judicata and collateral estoppel.

### 1.    Rooker-Feldman

The *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). *Rooker-Feldman* reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the sole federal court with jurisdiction to review state court decisions. The doctrine precludes district courts from hearing challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified when a *Rooker-Feldman* jurisdictional bar come into play:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

> court losers complaining of injuries caused by state-court judgments
> rendered before the district court proceedings commenced and inviting
> district court review and rejection of those judgments."

The claims contained in Counts I, II and III of Plaintiff's complaint were before

the Washtenaw County Circuit Court, which granted summary disposition to Defendants

City of Ypsilanti and O'Jack. *See* Defendants' Exhibit D. The claims contained in Counts

II and III of the present complaint were before the Washtenaw County District Court,

which granted summary disposition to Defendants Koryzno, Monroe, Hamilton, and

Lawther, and denied reconsideration. *See* Defendants' Exhibits E and F.

In addition, following the Michigan Tax Tribunal's adverse decision, Plaintiff did

not take an appeal by right to the Michigan Court of Appeals, as he was entitled to do

under M.C.L § 205.753.

To sustain the Plaintiff's complaint in this case would require the Court to in effect

act as an appellate tribunal and conclude that the Michigan courts simply made the wrong

decision. It is apparent that Plaintiff is a classic "state court loser" who now seeks to have

this Court review a state court judgment that is not to his liking, and that he elected not to

appeal through the Michigan system. These claims are jurisdictionally barred under

*Rooker-Feldman* and *Exxon Mobil*.

### 2.   Res Judicata

Even if *Rooker-Feldman* did not apply, these claims would be barred under

principles of *res judicata*, or claim preclusion, and collateral estoppel.[4] As the Supreme

Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to

---

[4] Regarding the issues in this case that were in fact raised in the state court
proceedings, the applicable preclusion principle would be collateral estoppel, or issue
preclusion. Claims that could have been, but were not raised in state court fall within the
doctrine of *res judicata*.

give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. at 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986); *Sinclair v. Bankers Trust, supra.* Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997) (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds, Patterson v. Kleiman*, 447 Mich. 429, 433 n.3 (1994).

As to Counts I, II and III, the underlying facts are virtually identical to the facts of the state court cases, as are the parties. Whether analyzed as *res judicata* or collateral estoppel, Counts I, II and III must be dismissed under principles of preclusion.

### 3.    Count IV

Count IV, in which Plaintiff alleges discomfort and displeasure associated with a hearing before the City's Administrative Hearings Bureau, was not nor could it have been

the subject of Plaintiff's previous state court cases, and thus preclusion does not apply. However, Plaintiff has failed to state a claim against Defendants City of Ypsilanti, McMullan, Martinez, Daniels and Barr.

Defendant Barr is an attorney who represents the City of Ypsilanti in the Administrative Hearings Bureau, with regard to violations of property ordinances. As such, he owes no duty and cannot be liable to adverse parties in these cases, such as the Plaintiff. *Friedman v. Dozorc*, 412 Mich. 1, 312 N.W.2d 585 (1981) ("The creation of a duty in favor of an adversary of the attorney's client would create an unacceptable conflict of interest which would seriously hamper an attorney's effectiveness as counsel for his client").

The other Defendants in this Count–Frank Daniels, Ordinance Enforcement Officer; Frances McMullan, Ypsilanti City Clerk and Administrative Hearing Bureau Clerk; Debbie Neville, Ypsilanti Building Inspector; and Joel Martinez, Administrative Hearing Officer–were all the highest appointed officials in their respective departments, and all were acting within the scope of their governmental authority with regard to the administrative hearing. Defendant Martinez was the Bureau's judicial officer. These Defendants are therefore protected by absolute immunity under Michigan's governmental tort liability act, M.C.L. § 691.1401, et seq. More specifically, M.C.L § 691.1407(5) provides:

> "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuies to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."

Plaintiff has not pled any exception to governmental immunity, nor has he alleged any facts that would plausibly support a claim under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et. seq.* Nor, as a substantive matter, has he set forth any facts, beyond

-10-

conclusory opinions, that would state a claim for a due process violation or false imprisonment.

Accordingly, Defendants' motion [Doc. #8] should be GRANTED.

## B.    The Michigan Tax Tribunal [Doc. #12]

As discussed above, Plaintiff did not appeal the Tax Tribunal's decision by right to the Michigan Court of Appeals. In addition, the precise issues raised in this case were raised and dismissed in his Washtenaw County Circuit Court case. Therefore, for the same reasons as set forth in the previous section, Defendants Michigan Tax Tribunal and the City's attorney, Jesse O'Jack, must be dismissed under *Rooker-Feldman* and claim and issue preclusion.[5]

## C.    Washtenaw County Defendants [Doc. #14]

In Count V, Plaintiff sues Washtenaw County and 14-A District Court Administrator Gene DeRossett, based on three District Court cases that were dismissed.

These Defendants correctly note that Michigan's 14-A District Court is not a County Court. Rather, district courts in Michigan are arms of the State, not the counties. *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 763-64 (6th Cir.2010). The complaint contains no factual allegations against Washtenaw County. Thus, under *Iqbal,* Washtenaw County must be dismissed.

Likewise, there are no allegations of the personal involvement of Court Administrator DeRossett in any actionable claims. *See Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984); *R.S.S.W., Inc. v. City of Keego Harbor*, 18 F.Supp.2d 738, 749 (E.D. Mich. 1998), citing

---

[5] As the City's attorney, Mr. O'Jack is also subject to dismissal under *Friedman v. Dozorc, supra.*

*Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)(claims "unaccompanied by specific allegations regarding any one person" are insufficient, and "have been flatly rejected by the Sixth Circuit.").

Moreover, Plaintiff's claim that entry of the judgments and dismissals in these cases was "ministerial" is nothing short of absurd. The judges' rulings were clearly judicial in nature, and were within the scope of their judicial authority and jurisdiction. To the extent that Plaintiff seeks to amend the complaint to add these judges, such request would be futile, since they are protected by judicial immunity. Judges enjoy absolute immunity from personal liability for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). Judicial immunity may be defeated only by showing that the judge's actions were not judicial in nature or that the judge lacked jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Finally, because granting Plaintiff relief on Count V would call into question the validity of the state court judgments–judgments that Plaintiff did not appeal through the state court system–these claims are barred under *Rooker-Feldman*.

Washtenaw County's and Defendant DeRossett's motion to dismiss should therefore be GRANTED.

## IV.   FILING INJUNCTION

In its motion [Doc. #13], Washtenaw County asks that Plaintiff be enjoined from filing any more lawsuits in this Court without the Court's prior authorization. This request

is well-taken. In *Geter v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2112465, *1 (E.D.Mich. 2011), Judge Cohn explained the Court's inherent authority to enjoin vexatious litigants:

> "[F]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id.* To achieve these ends, the Sixth Circuit has approved enjoining vexatious litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons,* 835 F.2d 1145 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.,* Nos. 94–5453, 94–5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted))."

Mr. Hann is no stranger to this Court. A review of CM/ECF or PACER reveals that he has brought 11 cases to this Court, including the present case. Two were habeas corpus cases brought under 28 U.S.C. § 2254, challenging his state court conviction. One, *Brown v. Hann*, E.D. Mich. No. 10-14869, was a case he tried to remove from state small claims court! The others were dismissed as frivolous or remanded because there was no federal jurisdiction. A sampling of Plaintiff's cases is as follows: *Hann v. State Treasurer*, E.D. Mich. No. 04-70977 (Rosen, J.) (dismissing based on Plaintiff's improper removal from state court); *Hann v. State of Michigan*, E.D. Mich. No. 05-71347 (Borman, J.) (dismissing claims related to SCFRA and Plaintiff's IRA, based on *Rooker-Feldman* doctrine); *Hann v. State Treasurer*, E.D. Mich. No. 07-13687 (Edmunds, J.) (accepting my Report & Recommendation that bankruptcy appeal be dismissed under *Rooker-Feldman*, and as frivolous); *In re Gary S. Hann*, E.D. Mich. No. 08-14516 (Edmunds, J.)(bankruptcy appeal, dismissed as frivolous); *Hann v. State of Michigan*, E.D. Mich. No. 08-14565 (Edmunds, J.)(dismissed-bankruptcy appeal filed untimely).

Defendants note that the Michigan Court of Appeals docket shows 17 of Plaintiff's

-13-

cases, and that "[t]hese numbers [do] not include additional lower state court actions in the small claims court, court of claims, district courts, and circuit courts." Motion [Doc. #14], at 8. Defendants also state that the 14-A District Court sanctioned Mr. Hann $3,159.86 for suing the state judges referenced in this case. *See* Defendants' Exhibit 1.[6]

Enough is enough. Mr. Hann seems to believe that all his many grievances, and all the slings and arrows of outrageous fortune, real or perceived, that befall him have some remedy in this Court. They do not. His persistent frivolous filings result in unnecessary legal expense to the opposing parties, and soak up scarce judicial resources like a giant sponge.

In the words of boxer Roberto Duran, "*No más.*" I recommend that Plaintiff Gary Hann be enjoined from filing any future civil litigation in this Court without first obtaining authorization of this Court.

## V.   CONCLUSION

For these reasons, I recommend that all three motions to dismiss [Doc. #8, Doc. #12 and Doc. #14] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff Gary Hann be enjoined from filing any future civil litigation in this Court without first obtaining authorization of this Court.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

---

[6] Defendant Washtenaw County has a separate motion for Rule 11 sanctions pending [Doc. #15].

-14-

*Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise

others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The

response shall address specifically, and in the same order raised, each issue contained within

the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Date: February 29, 2012


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of
Electronic Filing on February 29, 2012.

Gary S. Hann                            s/Johnetta M. Curry-Williams
PO Box 7013                             Case Manager
Ann Arbor, MI 48107


-15-

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gary S. Hann,

      Plaintiff,

v.                            Case No. 11-12244

                                  Honorable Sean F. Cox

City of Ypsilanti, *et al.*,

      Defendants.

_____/

**ORDER
ADOPTING FEBRUARY 29, 2012 R&R,
GRANTING DEFENDANTS' MOTIONS TO DISMISS,
AND ENJOINING PLAINTIFF FROM FILING FURTHER ACTIONS IN THIS COURT
WITHOUT FIRST OBTAINING LEAVE OF COURT**

Acting *pro se*, Plaintiff filed this action on May 23, 2011, asserting claims against

numerous Defendants. Thereafter, Defendants filed dispositive motions which were referred to

Magistrate Judge Steven Whalen for issuance of a report and recommendation ("R&R").

On February 29, 2012, Magistrate Judge Whalen issued his R&R (Docket Entry No. 27).

The R&R expressly advised the parties that they could file objections to the R&R but they must

do so within 14 days. (*Id.* at 15).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

being served with a copy of the R&R. "The district judge to whom the case is assigned shall

make a *de novo* determination upon the record, or after additional evidence, of any portion of the

magistrate judge's disposition to which specific written objection has been made." *Id.*

Thus, Plaintiff had until March 14, 2012, to file objections to Magistrate Judge Whalen's

February 29, 2012 R&R.

On March 14, 2012, however, Plaintiff filed a motion asking that the Court grant him a
60-day extension for filing objections to the R&R.  In an Order issued on March 15, 2012, this
Court denied Plaintiff's request for a 60-day extension for filing objections to the R&R.  Given
the timing of Plaintiff's request, in order to still provide Plaintiff an opportunity to file objections
to the R&R, this Court ruled that Plaintiff could file objections to the R&R no later than March
23, 2012, and that no further extensions would be granted.  (D.E. No. 30).

Nevertheless, the docket reflects that no objections to the R&R were filed by March 23,
2012.

The Court hereby ADOPTS the February 29, 2012 R&R in its entirety.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss are GRANTED and
Plaintiff's Complaint shall be DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff Gary Hann is hereby ENJOINED from filing
any future civil litigation in this Court without first obtaining authorization of this Court.

IT IS SO ORDERED.


Dated:  March 28, 2012                    S/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Court Judge


I hereby certify that on March 28, 2012, the foregoing document was served upon counsel of
record by electronic means and upon Gary S. Hann by First Class Mail at the address below:

Gary S Hann
P.O. Box 7013
Ann Arbor, MI 48107


Dated:  March 28, 2012                    S/ Jennifer Hernandez
                                          Case Manager

# EXHIBIT C

1
2
3
4
5
6
7

> **FILED & ENTERED**
>
> **MAR 26 2015**
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY tapia    DEPUTY CLERK

8
9
10
11

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

12  In re:

13  Gary S. Hann

14                                    Debtor(s).

15  Gary S. Hann

16                              Plaintiff(s),

17      v.

18  State of Michigan Department of Treasury

19                              Defendant(s).

20

CHAPTER 7

Case No.:  6:14-bk-22067-MW
Adv. No.:  6:15-ap-01006-MW

**ORDER DISMISSING ADVERSARY PROCEEDING**

<u>Status Conference Hearing</u>

Date:          March 26, 2015
Time:          9:00 a.m.
Courtroom:  Video Hearing Room 225
                   3420 12th Street
                   Riverside, CA 92501

21          This adversary proceeding is dismissed with prejudice for failure to appear at status conference

22  hearing and on jurisdictional grounds.

23                                      <u>JURISDICTION</u>

24          The Court lacks subject matter jurisdiction with respect to Plaintiff's claims in this matter.

25  A review of the complaint indicates that the Court lacks jurisdiction under 28 U.S.C. § 1334.  The

26  complaint seeks recovery of tax refunds from the State of Michigan.  This is solely a state law matter.

27  Gary S. Hann ("Mr. Hann"), Debtor and Plaintiff herein, received a discharge on January 12, 2015.  The

28  chapter 7 trustee filed a report of no distribution on November 6, 2014.  "Related to" jurisdiction under

28 U.S.C. § 1334(b) is not present here because the action by Mr. Hann to recover tax refunds from the State of Michigan cannot conceivably have any effect on the administration of Mr. Hann's bankruptcy estate. *In re Menk*, 241 B.R. 896, 908 (B.A.P. 9th Cir. 1999). Even if it were shown that the Court is mistaken in its analysis and that either one of the alleged tax refunds or both tax refunds are still property of the Hann bankruptcy estate, dismissal would be appropriate because in that event the causes of action for these tax refunds could only be brought by the trustee and Mr. Hann would lack standing to bring them.

## FAILURE TO APPEAR AT STATUS CONFERENCE

Mr. Hann initiated this chapter 7 adversary proceeding to recover money against the State of Michigan Department of Treasury ("State of Michigan") on January 9, 2015. A Summons was served upon the State of Michigan and a status conference hearing was set for March 26, 2015 at 9:00 a.m. at Video Hearing Room 225, 3420 Twelfth Street, Riverside, CA 92501. The State of Michigan filed its Answer to the Complaint on March 20, 2015. The parties also filed their respective status reports pursuant to Local Bankruptcy Rule 7016-1(a)(2).

When the calendar was called on March 26, 2015 at 9:00 a.m., Adam P. Sadowski, Assistant Attorney General, appeared telephonically on behalf of the State of Michigan. Neither Mr. Hann nor his counsel, if there is one, made an appearance. The Court's tentative ruling on the Status Conference had required appearances.

Pursuant to Local Bankruptcy Rule 7016-1(g), the failure of a party's counsel (or the party, if not represented by counsel) to appear before the Court at the status conference may be considered an abandonment or failure to prosecute, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed. Mr. Hann failed to appear at the scheduled status conference. Accordingly, the Court deems Mr. Hann's failure to appear at the status conference as an abandonment or failure to prosecute and, on that basis, dismisses this case with prejudice.

//

//

1    Based upon the foregoing, and for the reasons stated on the record, this adversary proceeding is

2  dismissed with prejudice.

3    IT IS SO ORDERED.

4                                         ###

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Date: March 26, 2015                     Mark S. Wallace
                                            United States Bankruptcy Judge
28